UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60645-CIV-SINGHAL

FRENSO CENATUS,

     Petitioner,

v.

CARLOS NUNEZ, *et al.* ,

     Respondents.

_____/

## **ORDER**

Petitioner is a Haitian national who was paroled into the United States on March 14, 2023.  (DE [9-3]).  Shortly after, Petitioner filed an application for asylum.  (DE [1] ¶ 48).  His parole expired on March 4, 2024.[1]  On December 7, 2025, Border Patrol agents encountered Petitioner during a traffic stop.  (DE [9-2]).  After determining that Petitioner lacked lawful status to be present in the United States, the Border Patrol agents detained Petitioner.  *Id.*  He has been detained since.  (DE [9-5]).  Petitioner requested a custody redetermination, but the immigration judge denied the request, stating that the immigration court lacked jurisdiction under the regulations to conduct bond hearings for arriving aliens.  (DE [9-6]).  Petitioner then filed the present Petition for Writ of Habeas Corpus.  (DE [1]).  The government responded, (DE [9]), and this Court held a hearing on the Petition, (DE [21]).  Despite the thoughtful and well-reasoned arguments that Petitioner's counsel raised at the hearing, the Court determines that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2).  The Petition (DE [1]) is denied.

---

[1] Petitioner's counsel attested to this at the hearing.

I.     LEGAL STANDARD

District courts have authority to grant writs of habeas corpus.  28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren,* 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

II.     DISCUSSION

A. Statutory Analysis

Petitioner claims that he has been unlawfully detained without bond, and that he should be released under 8 U.S.C. § 1226.  This Court has previously explained that aliens present in the United States without admission are "applicants for admission" under 8 U.S.C. § 1225 and are therefore subject to mandatory detention under § 1225.  *See, e.g.*, *Morales v. Noem*, — F. Supp. 3d —, 2026 WL 236307, at *8 (S.D. Fla. Jan. 29, 2026); *Banchi v. Diaz*, No. 0:25-cv-62341 (S.D. Fla. Feb. 2, 2026).  *See also Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026); *Avila v. Bondi*, — F.4th —, 2026 WL 819258, at *4 (8th Cir. Mar. 25, 2026).  There is not a time or geographical limit on who can be detained under § 1225(b)(2).  If an alien enters the country and is not admitted, he is an applicant for admission and is seeking admission. *See Morales*, 2026 WL 236307 at *5.  As such, the alien is subject to detention under § 1225(b)(2).

At the hearing, Petitioner's counsel argued that not all applicants for admission are seeking admission and subject to inspection under § 1225(b)(2).  But looking at the full text of § 1225, all applicants for admission must be seeking admission.  As the Court

2

explained in *Morales*:

> [S]ection 1225's reference to those "seeking admission" can only **broaden**—not narrow—the statute's scope.  *See id.*  This is because subsection (a)(3) reveals that "applicant[s] for admission" are a **subset** of aliens "seeking admission."  § 1225(a)(3) ("All aliens ... who are applicants for admission **or otherwise seeking admission** ... shall be inspected by immigration officers."); *see also Garibay-Robledo*, --- F.Supp.3d at ——, 2026 WL, at *5.  As a subset, not only do all "applicants for admission" necessarily "seek[ ] admission," but also the statute's application to those seeking admission can only increase its scope beyond applicants for admission.

The text of § 1225 requires the Court to interpret "applicants for admission" to mean the alien is seeking admission.  All applicants for admission are subject to detention under § 1225(b)(2).

Petitioner here is no different.  He was paroled into the country, but he overstayed his parole.  He was not admitted.  *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020) (describing aliens who are paroled into the country immediately upon entry as having the same legal status as if they had been stopped at the border).  Petitioner is an applicant for admission, and as such, he can be lawfully detained under § 1225(b)(2).

B.  Immigration and Nationality Act's ("INA") Regulations

Petitioner then argues that his detention violates the INA's regulations.  Petitioner points to *Executive Office for Immigration Review: Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum*, 62 Fed. Reg. 10312, 10333 (Mar. 6, 1997).  There the agency stated that "[d]espite being applicants for admission, aliens who are present without having been admitted or paroled (formerly referred to as aliens who entered without inspection) will be eligible for bond and bond redetermination."  He argues that this statement shows that "individuals who

3

had entered without inspection were eligible for consideration for bond."  (DE [1] ¶ 56).

But this argument actually cuts against Petitioner' statutory argument.  The agency determined that "aliens who are present without having been admitted or paroled  . . . will be eligible for bond and bond redetermination" "*despite being applicants for admission*." 62 Fed. Reg. at 10333 (emphasis added).  In other words, DHS acknowledged in 1997 that applicants for admission could be detained, but for 28 years DHS chose to offer them bond.  That was a permissible enforcement decision.  But in 2025, DHS chose to enforce § 1225 against applicants for admission.   This was also a permissible enforcement decision.  DHS was not bound by how it previously enforced the INA.

The Court's role in these proceedings is limited—to enforce the statutes so long as they do not violate the Constitution.  The Court cannot tell the executive how to enforce the statute.  Neither can the Court tell Congress what statutes to pass.  Congress has amended the INA 74 times.  Congress can do so again.  The relief that Petitioner seeks is relief that Congress can give, not the Court.

Petitioner's argument that his detention violates 8 C.F.R. §§ 236.1, 1236.1, and 1003.19 also fails.  These regulations state that an immigration officer *"may, in the officer's discretion,* release an alien" under § 1226. 8 C.F.R. § 236.1(c)(8); 8 C.F.R.  § 1236.1(c)(8)   These regulations do not require immigration officials to release all detainees, including those detained under § 1225.  Petitioner's detention does not violate these regulations.

C.  Due Process

Lastly, the Court turns to Petitioner's due process arguments.  Due process does not require that Petitioner be granted release or a bond hearing.  *See, e.g.*, *Morales*, 2026 WL 236307, at *9.   "[T]he Government may constitutionally detain deportable aliens

during the limited period necessary for their removal proceedings." *Demore v. Kim*, 538 U.S. 510, 526 (2003). "[D]eportation proceedings 'would be in vain if those accused could not be held in custody pending the inquiry into their true character.'" *Id.* at 523 (quoting *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)). *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("[A]liens are not entitled to a bond hearing while they pursue withholding of removal."). The Supreme Court has held that detention during the pendency of removal proceedings, like Petitioner's detention, is lawful up to at least six months. *See Demore*, 538 U.S. at 530. Petitioner has been detained for less than five months. His detention does not violate due process.

III.    CONCLUSION

Petitioner's detention is lawful under 8 U.S.C. § 1225(b)(2) and does not violate due process. Petitioner is not entitled to release or a bond hearing pending removal. Accordingly, it is hereby **ORDERED AND ADJUDGED** that the Petition (DE [1]) is **DENIED**. The Clerk of Court is directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of April 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF